UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL NNEBE,<br><br>    Plaintiff,<br><br>v.<br><br>AIDVANTAGE,<br><br>    Defendant. | Case No. 2:25-cv-00607-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's complete application to proceed *in forma pauperis* ("IFP"), ECF No. 1, and 95 page Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), and common law claims of fraud and misrepresentation. ECF No. 1-1. Plaintiff's IFP application is granted. Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

**I.    Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in

the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

  A.     <u>The FDCPA Claim</u>.

The FDCPA "seeks to protect consumers against deceptive debt collection practices." *Majano v. Specialized Loan Servicing, LLC*, Case No. 2:22-cv-07156-ODW (SKx), 2023 WL 2918729, at *3 (C.D. Cal. Apr. 12, 2023). Specifically, Section 1692g(b), the focus of Plaintiff's claim, "provides that if a consumer disputes the amount of a debt, a 'debt collector' must 'cease collection' until it 'obtains verification of the debt' and mails a copy to the debtor." *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1031 (2019) (quoting 15 U.S.C. § 1692g(b)). The debt

collector must also, upon request, provide "the name and address of the original creditor." 15 U.S.C. § 1692g(b). "Verification of debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006). Debt collectors, for the purpose of Section 1692g(b), are people "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts." *Obduskey*, 139 S.Ct. at 1031 *citing* 15 U.S.C. § 1692g(b);.

A review of Plaintiff's Complaint demonstrates he fails to plead that Aidvantage is a debt collector. Rather, he states only that Aidvantage serviced his loan. ECF No. 1-1 at 5. In the absence of a demonstration in his Complaint—including the numerous attached pages—that identifies and supports the conclusion that Aidvantage was a debt collector, Plaintiff fails to state a claim under the FDCPA.

Further, while Plaintiff alleges he complained to Aidvantage, and even assuming for sake of argument only that Aidvantage is a debt collector, Plaintiff states Aidvantage "failed to validate the alleged debt by providing only a photocopy of a promissory note, rather than the original wet-ink signed negotiable instrument," which Plaintiff alleges as a violation of 12 CFR 202.12(b)(2) and UCC 3-603(b).[1] However, Section 1692g(b) only requires the debt collector to provide "the name and address of the original creditor" and "[v]erification of a debt [which] involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Capital Credit & Collection Services, Inc.*, 460 F.3d at 1173-74. Plaintiff offers nothing and the Court found no authority for the proposition that the UCC or 12 CFR 202.12 create a basis for liability under the FDCPA.

Under the circumstances presented the Court finds Plaintiff fails to state a claim under the FDCPA. This claim is dismissed without prejudice and with leave to amend.

B.   <u>The Fair Credit Report Act</u>.

Plaintiff alleges a violation of the FCRA—specifically, 15 U.S.C. § 1681s-2. ECF No. 1-1 at 7. While a private cause of action is available under § 1681s–2(b) (*Rieger v. American Express*

---

[1]   12 CFR 202.12 is a regulation pertaining to the Federal Reserve System Board of Governors.

*Company*, Case No. C 11-4202 MEJ, 2011 WL 5080188, at *2 (N.D. Cal. Oct. 25, 2011) citing *Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 11 (D. Mass. 2004)), such a claim is only triggered when a furnisher of information receives a notice of a consumer dispute from a credit reporting agency. *Peasley v. Verizon Wireless LLC*, 364 F.Supp.2d 1198, 1200 (S.D. Cal. 2005) ("Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer."); *Roybal v. Equifax*, 405 F.Supp.2d 1177, 1179-80 (E.D. Cal. 2005) (recognizing "that a private right of action against a furnisher of credit information exists only if the disputatious consumer notifies the CRAs in the first instance"). "A furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency." *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1023–25 (N.D. Cal. 2006) (dismissing cause of action for violation of FCRA for failure to state a claim); *see also* 15 U.S.C. § 1681s-2; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (holding that Congress set up 15 U.S.C. § 1681s-2(b) as a "filtering mechanism" in which a disputing consumer notifies a consumer reporting agency that in turn notifies the furnisher, and only a nonresponsive furnisher may be privately sued).

Here, Plaintiff has not alleged that Aidvantage is a furnisher or that it received notification of Plaintiff's dispute from a consumer reporting agency. Rather, all Plaintiff alleges is that Aidvantage "falsely reported" an "alleged debt to credit bureaus without legally sufficient documentations." ECF No. 1-1 at 7. This is insufficient to state a claim under the FCRA

C.    <u>Fraud and Misrepresentation</u>.[2]

To state a claim for fraud or intentional misrepresentation under Nevada law, Plaintiff must allege: "1. A false representation made by the defendant; 2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); 3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; 4. Plaintiff's justifiable reliance upon the misrepresentation; and 5. Damage to the plaintiff resulting

---

[2]   *See Weingartner v. Chase Home Finance*, 702 F.Supp.2d 1276, 1289-90 (D. Nev. 2010) (identifying the same elements for claims of fraud and misrepresentation under Nevada law).

4

from such reliance." *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).  In addition, "[c]omplaints alleging fraud must comply with both [Federal Rules of Civil Procedure] 8(a) and 9(b)." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc)).  Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud."  This rule requires that claims of fraud be accompanied by the "who, what, when, where, and how" of the conduct charged, *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Plaintiff's Complaint does not meet the pleading standard for a fraud/misrepresentation claim.  ECF No. 1-1 at 7-8.  Rather Plaintiff makes broad brush statements regarding wrongful acts without identifying what was fraudulent.  *Id*.  In fact, it is difficult to discern what it is Plaintiff is alleging was fraudulent.  *Id*.  However, because it is at least potentially feasible that Plaintiff could state a claim of fraud, the Court dismisses this claim without prejudice and with leave to amend.

        D.      <u>Plaintiff's Motion for Summary Judgment and Request for Equitable Subrogation are Denied</u>.

Plaintiff has not yet stated a claim that may proceed in this Court.  No defendant has been served or had an opportunity to respond.  Summary Judgement is premature as is Plaintiff's request for immediate equitable relief.  These requests are denied.

**III.   Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

Plaintiff is advised that if he chooses to file an Amended Complaint he must do so no later than **April 28, 2025**.  Plaintiff's Amended Complaint must be titled "AMENDED COMPLAINT." The Amended Complaint must cure Plaintiff's failure to properly plead any of his claims. The Court has provided instructions on what is required for each such claim. Failure to plead sufficient facts

that support claims for relief in his Amended Complaint may result in a recommendation to dismiss this action in its entirety.

The amended complaint **must not** attach exhibits that have no relationship to Plaintiff's claims. Things such as passports and IRS documents are **not** appropriately filed in this case as they have nothing to do with Plaintiff's FDCPA, FCRA, or potential claim of fraud against Aidvantage. Attaching items unrelated to Plaintiff's claims risks denial of his amended complaint as indecipherable and or prolix, and a recommendation to dismiss.

IT IS FURTHER ORDERED that Plaintiff's request for summary judgment and immediate equitable relief are DENIED. Plaintiff **must not** replead a request for summary judgment or immediate relief with his Amended Complaint as these requests are legally premature.

IT IS FURTHER ORDERED that failure to comply with the terms of this Order may result in a recommendation to dismiss this matter in its entirety.

Dated this 11th day of April, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE